## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION

| | |
|---|---|
| LUCY ALEXANDER, MARY BAUGHMAN, ROBERT MOODY, DANNY METTS, and RANDALL ROACH<br><br>On behalf of themselves and all those similarly situated<br><br>            Plaintiffs,<br><br>v.<br><br>THOMAS B. MILLER, in his official capacity as Commissioner of the Kentucky Department of Revenue, *et al.* ;<br><br>            Defendants. | No. 20-cv-xxxxx |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KENTUCKY EQUAL JUSTICE CENTER
Ben Carter
Elizabeth Davis Stone
201 West Short Street, Suite 310
Lexington, KY 40507
859-233-3057
ben@kyequaljustice.org
betsy@kyequaljustice.org

NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
Claudia Wilner (NY #4264156)*
Edward Krugman (NY #1665892)*
Karina Tefft (not yet admitted)
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
tefft@nclej.org

*Pro Hac Vice* Applications to be filed

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**

| | |
|---|---|
| LUCY ALEXANDER, MARY BAUGHMAN, ROBERT MOODY, DANNY METTS, and RANDALL ROACH<br><br>On behalf of themselves and all those similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS B. MILLER, in his official capacity as Commissioner of the Kentucky Department of Revenue, *et al*. ;<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

## <u>PRELIMINARY STATEMENT</u>

Plaintiffs bring this action on behalf of themselves and other patients of the University of Kentucky (UK) Healthcare system whose medical debts have been or will be referred for collection to the Kentucky Department of Revenue (DOR).

Plaintiffs challenge, pursuant to 42 U.S.C § 1983, the constitutionality of Defendants' billing and collection policies and practices. Defendants have violated, continue to violate, and will violate the rights of Plaintiffs and putative class members to due process of law under the Fourteenth Amendment to the United States Constitution by depriving them of their property

2

without sufficient notice or a meaningful opportunity to contest the existence or amount of the debts.

UK Healthcare does not provide in its bills to patients, nor in any other communications, notice of an appeal process by which patients can challenge the existence and amount of an alleged debt. To the extent that UK Healthcare in fact offers an appeal process, UK Healthcare's communications actively conceal from patients that such a process exists. Instead of offering a process to resolve patients' billing disputes, UK Healthcare simply refers these alleged debts to the DOR for collection, and it does not notify patients prior to making this referral.

The DOR likewise fails to provide patients an opportunity to appeal the existence or amount of their debt. When patients attempt to dispute their debts, the DOR responds that it is "too late" for patients to have a hearing.

The DOR demands payment from patients under threat of aggressive collection, assessing burdensome fees and interest on top of the alleged medical debt regardless of the debt's validity. The DOR garnishes patients' wages, empties their bank accounts, offsets their state tax refunds, and places liens on their homes, causing UK Healthcare patients with outstanding medical bills to suffer financial devastation and personal humiliation. Some patients are forced to go without basic necessities as a result of the DOR's harsh and unlawful collection activities.

Defendants' policies and practices thus undermine the basic principles of fundamental fairness and due process embodied in the Fourteenth Amendment to the United States Constitution by depriving patients of their property without adequate notice of the right to appeal the existence or amount of their alleged medical debts, and by denying patients a meaningful opportunity to challenge the debt at any point.

3

Plaintiffs submit this Memorandum of Law in Support of their Motion to certify a class of all University of Kentucky (UK) Healthcare patients whose bills have been or will be referred by UK Healthcare (or its subsidiaries, including but not limited to Kentucky Medical Services Foundation (KMSF) and Central Kentucky Medical Services (CKMS)) to the Department of Revenue (DOR) for collection and who have not yet satisfied the amount that the DOR states is owed.

## ARGUMENT

### I.     THIS COURT SHOULD CERTIFY THE PROPOSED CLASS ACTION

Class certification is appropriate where all of the threshold requirements of Rule 23(a) and any of the requirements of Rule 23(b) are satisfied. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). "By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Phipps v. Wal-Mart Stores*, 792 F.3d 637, 652 (6th Cir. 2015) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)).

### A.     The Proposed Class Satisfies the Requirements of Rule 23(a)

Rule 23(a) is satisfied where:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims and defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### 1.    The Proposed Class Meets the Numerosity Requirement

The numerosity requirement is fulfilled where the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticality of joinder." *In re Am. Medical Sys., Inc.*, 75 F. 3d 1069, 1079 (6th Cir. 1996). But "[w]hen class size reaches substantial proportions, the impracticality requirement is usually satisfied by the numbers alone." *Id*. The "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy" numerosity. *Bacon v. Honda of Am. Mfg. Inc.*, 370 F.3d 565, 570 (6th Cir. 2004). However, numerosity can be satisfied with far fewer than one hundred class members. *See, e.g.*, *Afro Am. Patrolmen's League v. Duck*, 503 F. 2d 294, 298 (6th Cir. 1974) (upholding lower-court certification of a class of 35 identifiable members). A judge "may consider reasonable inferences drawn from facts" in determining whether to certify a class action. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 (6th Cir 1976).

UK Healthcare operates four major hospitals and dozens of clinics and other healthcare centers throughout the state of Kentucky.[1] As of March 8, 2020, UK Healthcare had close to 2 million registered patients.[2] The DOR has collected approximately $76 million from UK Healthcare patients since 2009 including fees and interest, $58 million of which has been retained by UK Healthcare in satisfaction of outstanding debts.[3] Each year, the DOR collects on unpaid med-

---

[1]    University of Kentucky Healthcare, *Hospitals and Clinics*, https://ukhealthcare.uky.edu/hospitals-clinics# (last visited June 3, 2020)

[2]    Alex Acquisto, *Computer systems at UK and UK Healthcare hobbled by massive, month-long cyber attack*, Lexington Herald Leader, Mar. 8, 2020, https://www.kentucky.com/news/local/education/article240970221.html

[3]    Jared Bennett, *Insult to Injury: State Adds 32% When It Collects UK Medical Debt*, WPFL, March 17, 2020, https://wfpl.org/kycir-insult-to-injury-state-adds-32-when-it-collects-uk-medical-debt/

ical bills from tens of thousands of UK Healthcare patients.[4] Immediately prior to the current Covid-19 crisis (during which the DOR has temporarily suspended wage garnishments), the DOR was executing wage garnishments against thousands of low-income patients who owe debt to UK Healthcare.[5] Furthermore, the DOR's records indicate that at least 600 UK Healthcare patients have raised disputes about their debts since 2016, even though the DOR has no appeal process of its own.[6]

Plaintiffs believe that these facts are not reasonably subject to dispute, and they plainly establish numerosity under Rule 23(a)(1). To the extent Defendants contest this issue, Plaintiffs will seek discovery to establish these facts in evidentiary form.

### 2.    The Proposed Class Meets the Commonality Requirement

Rule 23(a)(2) requires that "there [be] questions of fact or law common to the class." Fed. R. Civ. P. 23(a)(2). "[T]here need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F. 3d 1069, 1080 (6th Cir. 1996). To satisfy the commonality requirement, class members must "suffer the same injury." *In re Whirlpool*, 722 F. 3d at 852 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). The commonality "inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit." *Id.*

---

[4]    *Id.*

[5]    Linda Blackford, *State temporarily halts wage garnishing for UK medical bills. It should be a permanent stop.*, Lexington Herald Leader, April 8, 2020, https://www.kentucky.com/opinion/linda-blackford/article241831056.html

[6]    Jared Bennett, *Insult to Injury: State Adds 32% When It Collects UK Medical Debt*, WPFL, March 17, 2020, https://wfpl.org/kycir-insult-to-injury-state-adds-32-when-it-collects-uk-medical-debt/

In the present action, Plaintiffs and putative class members suffer the same injury. UK Healthcare's standard bills and other communications do not advise patients of the right to a hearing on the existence or amount of the alleged debt (Declaration of Lucy Alexander ¶¶ 2-3; Declaration of Robert Moody ¶ 3; Declaration of Danny Metts ¶¶ 2-4), and as a matter of policy and practice, UK Healthcare does not provide any appeals process at any point. (Compl. ¶¶ 75, 82, 118, 129, 130-31, 161, 171, 202.)[7] UK Healthcare also does not notify class members prior to referring their alleged debts to the DOR for collection. (Compl. ¶¶ 80-81, 83, 121, 140.) Once UK Healthcare refers class members' debts to the DOR, the DOR also does not provide any hearing or appeals process prior to initiating collections, nor does it notify class members of any right to a hearing on the existence or amount of the alleged debt. (Compl. ¶¶ 86, 90, 106, 110, 118, 144, 189, 210.) Plaintiffs have raised numerous questions common to the class, including:

    a.  Whether UK Healthcare provides to its patients notice of their right to contest the existence and/or amount of their asserted debts before referring those debts to the DOR for collection;

    b.  whether UK Healthcare's form notices to patients contain material omissions that mislead and/or affirmatively conceal that patients have the right to contest the existence and/or amount of their asserted medical debts and that an appeal process exists for this purpose;

    c.  whether UK Healthcare in fact has procedures under which patients may contest the existence and/or amount of their asserted medical debts before a neutral decisionmaker and with other appropriate due process protections;

    d.  whether, under *Mathews v. Eldredge*, 424 U.S. 319 (1976), asserted UK Healthcare debtors are entitled to pre-deprivation notice and pre-deprivation hearing before the DOR may engage in non-judicial levies against them, their wages, their bank accounts, or their other property or income;

---

[7]  Each Named Plaintiff has affirmed in his or her declaration that the factual allegations in the complaint that pertain to each of them are true and accurate to the best of their knowledge.

e.   whether the DOR ensures that notice and an opportunity to contest the exis-
tence and/or amount of their referred debts have been made available to UK
Healthcare patients before the DOR begins collection against them;

f.   whether the DOR seizes money and property from UK Healthcare patients
without affording them notice and/or an opportunity to be heard at any point
in the process;

g.   whether the DOR collects UK Healthcare debts and adds fees and interest
without utilizing a reasonable process to confirm the validity of the debt;

h.   whether the DOR's notices to UK Healthcare debtors accurately represent the
rights and responsibilities of the DOR and the debtor.

Plaintiffs thus meet the commonality requirements under Rule 23(a)(2).

### 3.   The Proposed Class Meets the Typicality Requirement

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typi-

cal of the claims and defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality and common-

ality requirements "tend to merge." *Ham v. Swift Transp. Co., Inc.,* 275 F.R.D. 475, 484–85

(W.D. Tenn. 2011) (quoting *Wal-Mart Stores*, 564 U.S. at 389 n.5). Typicality is found where the

named Plaintiffs' claims and those of class members "arise[] from the same event, practice or

course of conduct that gives rise to the claims of other class members and if [their] claims are

based on the same legal theory." *McDonald v. Franklin County, Ohio,* 306 F.R.D. 548, 556 (S.D.

Ohio 2015) (quoting *In re Am. Med. Sys. Inc.*, 75 F. 3d at 1082). Where Plaintiffs allege that "the

defendants engaged in a common scheme relative to all members of the class, there is a strong

assumption that the claims of the representative parties will be typical of [those of] the absent

members." *Salvagne v. Fairfield Ford Inc.*, 264 F.R.D. 321, 328 (S.D. Ohio 2009) (quoting *In Re

Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1035 (N.D. Miss. 1993)).

Here, the named Plaintiffs' and class members' claims arise from the same unconstitutional conduct of the Defendants. UK Healthcare assesses class members' medical debts and refers those debts to the DOR for collection without any notice of the right to appeal the existence or amount of the debt and without providing an appeal process at any point. All class members are suffering direct injury (loss of property) from Defendants' conduct and will continue to suffer such injury if UK Healthcare continues to deny patients their basic rights to contest their alleged medical debts prior to their being referred for collection, and if the DOR continues to threaten and execute non-judicial takings without the slightest semblance of due process.

Because the named Plaintiffs and class members suffer the same unlawful invasion of their constitutionally protected rights to due process by the Defendants, they satisfy the typicality requirement. *Crawley v. Ahmed,* 2009 U.S. Dist. LEXIS 40794, at \*37 (E.D. Mich. May 14, 2009).

### 4.    The Proposed Class Meets the Adequacy of Representation Requirement

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has set forth two criteria for meeting the adequacy of representation requirement: (1) the representative plaintiffs must have common interests with the unnamed members of the class and (2) the representative plaintiffs must be able to vigorously prosecute the interests of the class through qualified counsel. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (internal citations omitted).

The first criterion "tends to merge with the commonality and typicality [requirements]," *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997), and "serves to ensure that the representative plaintiffs' interests are co-extensive [with] rather than antagonistic to [those of]

the unnamed class members." *Kinder v. Northwestern. Bank*, 278 F.R.D. 176, 184 (W.D. Mich. 2011). Here, as demonstrated in the commonality and typicality sections, named Plaintiffs' claims and interests are aligned with those of the unnamed class members. Plaintiffs seek the same relief for themselves as for the putative class: preliminary and permanent injunctions and a declaratory judgment.  Thus, named Plaintiffs' interests are not adverse to or in conflict with those of the putative class. *See Price v. Medicaid Director*, 310 F.R.D 345, 380 (S.D. Ohio 2015) (finding that there was "no indication that plaintiffs' interests are antagonistic to those of the putative class members [where they] challenge defendant's uniform policy and practice of denying . . . benefits to all who apply").

As to the second criterion, Plaintiffs' counsel are qualified to competently represent the class. Counsel for Plaintiffs are experienced in class action litigation in federal courts in this Circuit and others, particularly on matters relating to constitutional law, and will prosecute this action vigorously and competently. The Kentucky Equal Justice Center and the National Center for Law and Economic Justice have between them successfully prosecuted dozens of class actions, including cases involving state officials, and the individual lawyers from these organizations who are seeking to be appointed class counsel have comparable depth of experience. (Declaration of Claudia Wilner ¶¶ 5-6.) Accordingly, Plaintiffs will fairly and adequately protect the interests of the putative class in this action.

### B.     The Proposed Class Satisfies the Requirements of Rule 23(b)(2)

Plaintiffs' putative class also satisfies Rule 23(b)(2), which requires that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.

23(b)(2). Under the rule, "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Spurlock v. Fox*, 2012 U.S. Dist. LEXIS 59123, at *18 (M.D. Tenn. 2012) (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or to none of them." *Gooch v. Life Inv'rs Ins. Co. of America.*, 672 F.3d 402, 428 (6th Cir. 2012) (quoting *Wal-Mart Stores*, 564 U.S. at 369).

Rule 23(b)(2) class certification is appropriate "where the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Senter*, 532 F.2d at 525. *See, e.g.*, *Price*, 310 F.R.D. at 380 (class "certification under Rule 23(b)(2) is appropriate [where] all members of the class are affected by defendant's systemic practice of denying . . . benefits" in violation of the Due Process Clause for which they sought injunctive and declaratory relief); *Card v. City of Cleveland*, 270 F.R.D. 280, 297 (N.D. Ohio 2010) (certifying class under Rule 23(b)(2) where plaintiff sought "declaratory and injunctive relief necessary to prohibit or prevent alleged discriminatory practices").

Here, Plaintiffs have suffered injury that can be remediated only by injunctive and declaratory relief. They seek only equitable and declaratory relief, not money damages. The certification sought by Plaintiffs' class is precisely the type of civil rights action for which class certification is appropriate under Rule 23(b)(2). *See Daffin v. Ford Motor Co.*, No. C-1-00-458, 2004 U.S. Dist. LEXIS 18977, at *16 (S.D. Ohio July 15, 2004), *aff'd* 458 F.3d 549 (6th Cir. 2006) (Rule "23(b)(2) was plainly designed to address civil rights suits"); *see also James v. City of Dal-*

*las, Tex.,* 254 F.3d 551, 573, n.16 (5th Cir. 2001) (recognizing "that Rule 23(b)(2) was intended to be used in the civil rights field"). Moreover, class certification is essential to enable the administration of relief to each class member. Thus, this Court's issuance of "a single injunction will provide relief to each class member," warranting certification of the class under Rule 23(b)(2). *Price*, 310 F.R.D. at 380.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure.


Frankfort, Kentucky
Dated: June 4, 2020

/s/ Elizabeth Davis Stone_____ ___
Elizabeth Davis Stone, Esq.
KENTUCKY EQUAL JUSTICE CENTER
201 W. Short St. Ste. 310
Lexington, KY 40507
859-759-2005
betsy@kyequaljustice.org
ben@kyequaljustice.org

Claudia Wilner (NY #4264156)*
Edward Krugman (NY #1665892)*
Karina Tefft (not yet admitted)
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
tefft@nclej.org

* *Pro Hac Vice* application to be filed