# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
CASE NO. 3:20-CV-00044-GFVT

LUCY ALEXANDER, MARY BAUGHMAN,
ROBERT MOODY, DANNY METTS,
and RANDALL ROACH                                                                            PLAINTIFFS

V.    **DEFENDANTS ELI CAPILOUTO AND PENNY COX
SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF
CLASS INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS**

THOMAS B. MILLER, in his official capacity as
Commissioner of the Kentucky Department
of Revenue, et al.                                                                              DEFENDANTS

*** *** ***

Defendants Eli Capilouto and Penny Cox of the University of Kentucky in their official capacities, by counsel, supplement their responses to Plaintiffs' First Class Action Interrogatories and Requests for Production of Documents. Unless explicitly stated otherwise, these supplemental answers and responses incorporate all objections stated in the original answers and responses and all supplemental answers and responses are made without waiving any objections.

Please note that some policies produced in response to the requests below contain CKMS branding were actually in use by the University. In these instances, the document title as uploaded includes "(UK)" as an indicator the policy was in use by the University rather than CKMS.

Some documents may be responsive to multiple requests. While the University Defendants have endeavored to identify where documents are responsive to multiple requests, the designation of a document as responsive to one request is not a representation by the University Defendants that such documents are not responsive to other requests. For ease of

reference, the original answer or response to each interrogatory or request being supplemented is restated here as well.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 6.**  Exemplars of each form of letter, notice, or other communication in use by CKMS at any point in the Time Period to attempt to collect debts asserted to be owed by Your Patients.

   **Response:**   See attached documents labeled as UK_CLASS_000695 through UK_CLASS_000810. The University Defendants have requested additional documents that may be responsive to this request from CKMS and will supplement the response to this request upon receipt.

   **Supplemental Response:**   See produced documents labeled as UK_CLASS_001323 through UK_CLASS_1715.

**REQUEST FOR PRODUCTION NO. 8.**  Exemplars of each form of envelope in use at CKMS at any point in the Time Period for mailing notices, letters, or other communications to Your Patients, together in each instance with a copy (or identification by Bates number) of each form that could be sent in such envelope.

   **Response:**   The University Defendants have requested documents that may be responsive to this request from CKMS and will supplement the response to this request upon receipt.

   **Supplemental Response:**   See produced document labeled as UK_CLASS_000922.

**REQUEST FOR PRODUCTION NO. 11.** All versions of "Letter 8" in use at any point in the Time Period.

2

with respect to supervision of the collection procedures employed by CKMS, including without limitation supervision, if any, of the use of Letter 8 and/or the procedures for its mailing.

**Response:** The University Defendants will supplement the response to this request.

**Supplemental Response:** CKMS is a non-stock, non-profit corporation formed pursuant to a resolution of the Board of Trustees of the University of Kentucky, which performs debt collection services for the University's medical facilities and is an alter-ego of the University. Corporate records regarding CKMS are public records on file with the Kentucky Secretary of State and are publicly available at https://web.sos.ky.gov/ftshow/(S(p1xprymomhagawxu24vxl2fa))/default.aspx?path=ftsearch&id=0022457&ct=09&cs=99998&ce=qX48T61IwYb25SzXMK7%2fAtFIwu7vdZg2J7ejI0hMA5Nh%2bp4%2bch6lWqrUQ4SGEhun. In addition, see produced documents labeled as UK_CLASS_003240 through UK_CLASS_003258 and UK_CLASS_003471 through UK_CLASS_003474.

**REQUEST FOR PRODUCTION NO. 26.** All Documents Concerning the procedure by which, at any point in the Time Period, You transmit or transmitted debts asserted to be owed by Your Patients to the DOR for collection, including without limitation exemplars of any forms, certifications, data maps, or coding sheets related thereto and any lists of documentation required or permitted to accompany such transmittal.

**Response:** The University Defendants have requested documents that may be responsive to this request from CKMS and will supplement the response to this request upon receipt.

**Supplemental Response:** Objection. Counsel for the University Defendants objects to this request to the extent it seeks information of non-party individuals protected by the HIPAA.

8

reports from HQ for each account belonging to each of the named Plaintiffs. These records are maintained on an account-by-account basis, rather than by individual. The named Plaintiffs, combined, have 46 accounts in the HQ system. As a result, gathering these records is taking additional time. The University Defendants are actively gathering these documents and will supplement their response once those documents have been retrieved.

## INTERROGATORIES

**INTERROGATORY NO. 1.** To the extent that Your answer to any of the foregoing Requests for Admission is other than an unqualified "Admit," state the factual basis for such denial or qualification (including, without limitation, specification of time periods if the answer would be different in one time period than in another), and Identify all Documents Concerning such factual basis.

**Answer:** The University Defendants denied Request for Admission Numbers 1 and 2. The terms of the Financial Assistance Program speak for themselves and these Requests are vague in that they use unclear terminology, including that referral to the DOR for collection "cuts off" a debtor's ability to obtain financial assistance. Under the terms of the Financial Assistance Program, financial assistance may be requested up to the point that the account is released to a third party for collection activity. Once a particular account has been referred to a third party, a debtor is no longer eligible to request financial assistance with respect to that particular bill and charge but remains eligible to request financial assistance for other bills and charges.

The University Defendants denied Request for Admission Number 3. The University Defendants deny the medical bills utilized by the University do not contain information regarding a process for debtors to assert any errors they believe exist in their bill. The hospital

13

invoices in use during the time period (exemplars of which were produced in response to Request for Production No. 2) include language informing the debtor how to dispute their bill in writing. In the event disputes are not resolved through such written dispute process, the University later informs debtors of additional appeal rights prior to referring a debt to the DOR for collection. The University Defendants further deny 103 KAR 1:070 "requires" such information to be included on any medical bill or account statement sent to an individual who has incurred charges for medical care provided by the University and deny any violation of applicable law or regulations.

The University Defendants denied Request for Admission No. 4. The invoices in use by the University during the time period, including prior to 2012, provided an avenue for patients to dispute their bills in writing. This language is reflected on the invoices produced in response to Request for Production No. 2.

**Supplemental Answer:** In discussions between counsel, Plaintiffs have requested additional clarification regarding the University Defendants' answer to Interrogatory 1.

With respect to CKMS, the University Defendants consider CKMS to be a third party within the meaning of the University Defendants' response above. After an account is referred to CKMS, a debtor is generally no longer eligible to apply for financial assistance through the FAP with respect to that account. However, a debtor may be eligible for other adjustments to that account through the Accounts Receivable Review Committee.

With respect to the DOR, the University Defendants consider the DOR to be a third party within the meaning of the University Defendants' response above. After an account is referred to DOR, a debtor is generally no longer eligible to request financial assistance through the FAP with respect to that particular account.

14

## VERIFICATION

Pursuant to Federal Rule of Civil Procedure 33(b), I am answering these discovery requests as the authorized representative of a governmental agency, the University of Kentucky. These answers were gathered from multiple sources and to the best of my knowledge are true and correct answers based on the knowledge of the University of Kentucky.

*Marcy Deaton*
Marcy Deaton
Authorized Representative, University of Kentucky
on behalf of Eli Capilouto in his official capacity as President of the University of Kentucky and Penny Cox in her official capacity as the Treasurer of the University of Kentucky

STATE OF KENTUCKY

COUNTY OF FAYETTE

Subscribed, acknowledged and sworn to before me by __Mary Deaton__ on this __7th__ day of October, 2020.

_____
Notary Public, State at Large

My Commission Expires: __4/17/2021__

Commission ID No.: __577668__

Respectfully submitted,

/s/     *Donald C. Morgan*
Bryan H. Beauman
Kevin G. Henry
Donald C. Morgan
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
bbeauman@sturgillturner.com
dmorgan@sturgillturner.com
T: (859) 255-8581

&

William E. Thro
General Counsel
Shannan Stamper
Deputy General Counsel
University of Kentucky
Office of Legal Counsel
301 Main Building
Lexington, KY 40506
William.thro@uky.edu
Shannan.stamper@uky.edu
COUNSEL FOR DEFENDANTS
ELI CAPILOUTO & PENNY COX IN THEIR OFFICIAL CAPACITIES

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, the foregoing document was emailed to the following:

R. Campbell Connell
Frank L. Dempsey
Kentucky Department of Revenue
501 High Street
P.O. Box 5222
Frankfort, KY 40602-5222
(502) 564-4921 ex. 4404
rconnell@ky.gov
frank.dempsey@ky.gov
COUNSEL FOR THOMAS B. MILLER
AND TAMMY WATTS

Claudia Wilner (pro hac vice)
Edward P. Krugman (pro hac vice)
National Center for Law
And Economic Justice
275 Seventh Avenue, Suite 1506
New York, NY 10001
(212) 633-6967
wilner@nclej.org
krugman@nclej.org

&

Elizabeth Davis Stone
Kentucky Equal Justice Center
201 W. Short Street, Suite 310
Lexington, KY 40507
(859) 759-2005
betsy@kyequaljustice.org

&

Ben Carter
Kentucky Equal Justice Center
222 South First St., Suite 305
Louisville, KY 40202
(502) 303-4026
ben@kyequaljustice.org
COUNSEL FOR PLAINTIFFS

/s/     Donald C. Morgan
COUNSEL FOR DEFENDANTS
ELI CAPILOUTO & PENNY COX IN THEIR OFFICIAL CAPACITIES

01340367.docx