# EXHIBIT M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
CASE NO. 3:20-CV-00044-GFVT

LUCY ALEXANDER, MARY BAUGHMAN,
ROBERT MOODY, DANNY METTS,
and RANDALL ROACH                                                                PLAINTIFFS

V.        **DEFENDANTS ELI CAPILOUTO AND PENNY COX
RESPONSE TO PLAINTIFFS' FIRST SET OF
CLASS DISCOVERY REQUESTS**

THOMAS B. MILLER, in his official capacity as
Commissioner of the Kentucky Department
of Revenue, et al.                                                                DEFENDANTS

\*\*\* \*\*\* \*\*\*

Defendants Eli Capilouto and Penny Cox of the University of Kentucky in their official capacities, by counsel, submit these responses to Plaintiffs' Interrogatories, Requests for Admission and Requests for Production of Documents.

**PRELIMINARY STATEMENT**

These answers and responses are prepared by counsel and the phraseology of the answers is that of counsel. These Requests are directed to "Eli Capilouto and Penny Cox" the official capacity party defendants named in this suit. Based upon that and the definitions provided in the discovery requests, Defendants and counsel presume the intent of the identification of this party is in reality to identify the University of Kentucky. Therefore, these requests will be treated as though they are directed to the University of Kentucky and not the individuals listed above. The University system comprises tens of thousands of employees and students. As such, these responses do not constitute, nor are they derived from, the personal knowledge of any single individual, but include record information and knowledge obtained that cannot be attributed to any single individual, recollection of employees, and general knowledge of the responding

for collection. The University Defendants further deny 103 KAR 1:070 "requires" such information to be included on any medical bill or account statement sent to an individual who has incurred charges for medical care provided by the University and deny any violation of applicable law or regulations.

The University Defendants denied Request for Admission No. 4. The invoices in use by the University during the time period, including prior to 2012, provided an avenue for patients to dispute their bills in writing. This language is reflected on the invoices produced in response to Request for Production No. 2.

**INTERROGATORY NO. 2.**   Set forth separately for each calendar year from 2008 to the present (a) the number of requests for an independent review, a conference, an appeal and/or a hearing (as those terms are used in the Time Period Letter) with respect to debts You asserted You were owed by Your Patients, (b) the number of independent reviews, conferences, appeals and/or hearings actually held, and (c) the number of such independent reviews, conferences, appeals and/or hearings that resulted in at least a 10% reduction in the amount claimed to be owed.

**Answer:**   On June 4, 2012, a letter was sent to debtors with overdue UK Healthcare accounts providing the opportunity to request an independent review of their account. In response to this letter, 93 individuals contacted the University for an independent review. Each of the 93 individuals who contacted the University was sent a follow up letter by Marcy Deaton with instructions on how to request a hearing with a University of Kentucky hearing officer. In addition, following the June 4, 2012 Letter, a revised Letter 8 was put into use in 2012 (as described in response to Request for Production No. 11). In response to either the follow up letter from Marcy Deaton or the Letter 8 in effect thereafter in 2012, 13 individuals requested a

18

hearing or independent review of their account. Four requests were resolved based on a review of records prior to a hearing being held.[1] Five hearings were held. Of the 13 requests, 8 resulted in a 10% or more reduction in the total amount due.[2]

In 2013, 19 individuals requested a hearing or independent review with the University hearing officer after receiving a Letter 8. Three cases were resolved based on a review of records prior to a hearing being held. Six hearings were held. Four requests for a hearing or independent review resulted in a 10% or more reduction in the total amount owed.

In 2014, 18 individuals requested a hearing or independent review with the University hearing officer after receiving Letter 8. Three requests were resolved based on a review of records prior to a hearing being held. Nine hearings were held. Seven requests for a hearing or independent review resulted in a 10% or more reduction in the total amount due.

In 2015, 11 individuals requested a hearing or independent review with the University hearing officer after receiving Letter 8. Two requests were resolved based on a review of records prior to a hearing being held. 1 hearing was held. Five requests for a hearing or independent review resulted in a 10% or more reduction in the total amount due.

In 2016, 6 individuals requested a hearing or independent review with the University hearing officer after receiving Letter 8. No hearings were held. No requests for a hearing or independent review resulted in a 10% or more reduction in the total bill due.

---

[1] The term "resolved" indicates the debtor chose not to move forward with a hearing based on the result. The term does not indicate the debt was reduced to zero, only that the debtor chose not to dispute whatever balance remained following the record review. For example, some record reviews may result in a medical bill being changed from a full-pay to a debtor only owing a co-pay or a lesser amount. Any debtor who was not satisfied with the result of a record review was entitled to move forward with a hearing.

[2] In some instances in any year addressed in this answer, hearings or independent reviews were not held for some individuals who initially requested them. While the circumstances of each instance vary from case to case on an individual basis, common reasons included that the debtor chose not to request a hearing, the debtor chose to withdraw their request for a hearing, the debtor settled the dispute prior to a hearing being held, or the appeal request being submitted outside the permitted time period.

19

In 2017, 5 individuals requested a hearing or independent review with the University hearing officer after receiving Letter 8. No hearings were held. One request for a review or hearing resulted in a 10% or more reduction in the total bill due.

In 2018, 6 individuals requested a hearing or independent review with the University hearing officer after receiving Letter 8. One request was resolved based on a review of records prior to a hearing being held. One hearing was held. One request for a review or hearing resulted in a 10% or more reduction in the total bill due.

There were no requests for a hearing or independent review of a debtor's account in 2019 and 2020.

**INTERROGATORY NO. 3.** Set forth each reason You contend that the class identified in the Complaint should not be certified and, as to each such reason, state the factual basis therefor and Identify each Document asserted to support such reason.

**Answer:** Counsel for the University Defendants objects to this interrogatory on the grounds of attorney-client privilege and the work product doctrine as it calls for the mental impressions, conclusions, opinions, or legal theories of the University Defendants' attorneys. Under FRCP 26(b)(3)(A), a party may not discover documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, including counsel. Further, Rule 26(b)(3)(B) protects against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney concerning the litigation. By its terms, this interrogatory expressly requests information related to the University Defendants' arguments regarding class certification; an issue that could only possibly have arisen after this litigation was filed. In particular this interrogatory expressly requests the University Defendants to provide, in advance of discovery and briefing on Plaintiffs' motion for class

20

certification, the arguments the University Defendants intend to make regarding Plaintiffs' motion. Therefore, the information sought by this interrogatory is not discoverable under the Federal Rules of Civil Procedure.

*[signature]*
Counsel for University Defendants

Without waiving this objection, and subject to it, and without waiving any arguments, defenses, or other rights to which the University Defendants may be entitled, or any such item that may develop as a result of discovery in this matter, the University Defendants state the class identified in the complaint and Plaintiffs' motion for class certification is inappropriate for the following reasons:

- Individual questions of law and fact predominate over class-wide questions of fact under FRCP 23(a)(2) and the claims of the representative parties under FRCP 23(a)(3) are not typical of the claims or defenses of the class because[3]:

    o The proposed class, as defined, includes individuals who have entered into voluntary payment plans with the DOR, thus waiving their claims.

    o The proposed class, as defined, places into one class at least three different categories of possible class members because different processes were utilized by the University prior to referral to the DOR during different time periods, thus making a single class inappropriate. Even if class certification were appropriate at all, the class should include sub-classes that reflect the processes in place at the time Plaintiffs' alleged harm occurred.

---

[3] The commonality and typicality requirements for class certification tend to merge because both serve as guideposts for determining whether the interests of the class members are fairly and adequately protected. *Mays v. LaRose*, 951 F.3d 775, 793 (6th Cir. 2020).

- - The proposed class, as defined, would include individuals who received actual notice of their right to seek a hearing or appeal rights and either (1) sought and received a hearing, (2) inquired about a hearing but then declined to move forward with seeking a hearing, (3) chose not to seek a hearing, or (4) sought a hearing outside the time permitted for appeal.
  - The proposed class includes individuals whose claims would be barred by the one-year statute of limitations applicable to actions under 42 U.S.C. § 1983. It is necessarily an individualized question when each Plaintiff's alleged deprivation of process occurred. If any class were to be certified, the class should be limited to those individuals whose debts were referred to the DOR for collection within one year prior to this action being filed.
  - Individual issues predominate over class issues given that each potential class member's claims will necessarily be intertwined with the validity of their individual debt to the University as well as issues related to responsibility for those charges between individual debtors and third-party payors, including but not necessarily limited to insurance companies, Medicare, or Medicaid. The fact the putative class members are disbursed among a variety of third-party payors, including private insurers and different federal and state payors, means no Plaintiff's claims are typical of the entire class.
- Because the commonality and typicality requirements of FRCP 23(a)(2)–(3) are not met, the representative parties will not fairly and adequately protect the interests of the class.

- The conditions of Rule 23(b)(2) are not met.[4] The University Defendants have not "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The proposed class, as defined, places into one class at least three different categories of possible class members because different processes were utilized by the University prior to referral to the DOR during different time periods, thus making a single class inappropriate. Even if class certification were appropriate at all, the class should include sub-classes that reflect the processes in place at the time Plaintiffs' alleged harm occurred. Potential class members received different processes prior to referral of potential class members' debts to DOR for collection depending on the time period. Therefore, it cannot be said the University Defendants acted or refused to act on grounds applicable to the entire class. Further, the unique factual circumstances regarding individual class members, including without limitation entering into voluntary payment plans, applicable statutes of limitations, and whether potential class members received actual notice (or the manner in which they did) of the opportunity to appeal their debts demonstrate the requirements of Rule 23(b)(2) are not met.

The University Defendants reserve the right to raise additional arguments regarding class discovery during appropriate briefing on Plaintiffs' class certification motion based on Plaintiffs' arguments and other information obtained during the course of class discovery

---

[4] Plaintiffs' motion for class certification only asserts that class certification is appropriate under FRCP 23(b)(2). In the event Plaintiffs' raise additional grounds for certification under FRCP 23(b), the University Defendants reserve the right to supplement this response to address those grounds.

23

## VERIFICATION

Pursuant to Federal Rule of Civil Procedure 33(b), I am answering these interrogatories as the authorized representative of a governmental agency, the University of Kentucky. These answers were gathered from multiple sources and to the best of my knowledge are true and correct answers based on the knowledge of the University of Kentucky.

*Marcy Deaton*
Marcy Deaton
Authorized Representative, University of Kentucky
on behalf of Eli Capilouto in his official capacity as President of the University of Kentucky and Penny Cox in her official capacity as the Treasurer of the University of Kentucky

STATE OF KENTUCKY

COUNTY OF FAYETTE

Subscribed, acknowledged and sworn to before me by __Marcy Deaton__ on this __3rd__ day of September, 2020.

*Rachel Floyd*
Notary Public, State at Large

My Commission Expires: __April 11, 2023__

Commission ID No.: __621196__

24

Respectfully submitted,

_____
Bryan H. Beauman
Kevin G. Henry
Donald C. Morgan
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
bbeauman@sturgillturner.com
dmorgan@sturgillturner.com
T: (859) 255-8581

&

William E. Thro
General Counsel
Shannan Stamper
Deputy General Counsel
University of Kentucky
Office of Legal Counsel
301 Main Building
Lexington, KY 40506
William.thro@uky.edu
Shannan.stamper@uky.edu
COUNSEL FOR DEFENDANTS
ELI CAPILOUTO & PENNY COX IN THEIR OFFICIAL CAPACITIES

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2020, the foregoing document was emailed to the following:

R. Campbell Connell
Frank L. Dempsey
Kentucky Department of Revenue
501 High Street
P.O. Box 5222
Frankfort, KY 40602-5222
(502) 564-4921 ex. 4404
rconnell@ky.gov
frank.dempsey@ky.gov
COUNSEL FOR THOMAS B. MILLER

AND TAMMY WATTS

Claudia Wilner (pro hac vice)
Edward P. Krugman (pro hac vice)
National Center for Law
And Economic Justice
275 Seventh Avenue, Suite 1506
New York, NY 10001
(212) 633-6967
wilner@nclej.org
krugman@nclej.org

&

Elizabeth Davis Stone
Kentucky Equal Justice Center
201 W. Short Street, Suite 310
Lexington, KY 40507
(859) 759-2005
betsy@kyequaljustice.org

&

Ben Carter
Kentucky Equal Justice Center
222 South First St., Suite 305
Louisville, KY 40202
(502) 303-4026
ben@kyequaljustice.org
COUNSEL FOR PLAINTIFFS

*[signature]*

COUNSEL FOR DEFENDANTS
ELI CAPILOUTO & PENNY COX IN
THEIR OFFICIAL CAPACITIES

01326820.docx